## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUANTUM MANGO, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS,<br>LIMITED LIABILITY COMPANIES,<br>PARTNERSHIPS, AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>           Defendants. | Case No. 25-cv-07732-JHR |

## ~~[PROPOSED]~~ PRELIMINARY INJUNCTION

WHEREAS, Plaintiff moved *ex parte* on September 18, 2025, against Defendants for (1) a temporary restraining order; (2) an order restraining Defendants' Accounts' Assets with the Third Party Providers (the "Marketplace Accounts"); (3) an order to show cause why a preliminary injunction should not issue; (4) an order authorizing alternative service; and (5) an order authorizing expedited discovery;

WHEREAS, on September 26, 2025, the Court entered an Order granting Plaintiff's Application (the "TRO") which ordered Defendants to appear on October 3, 2025, at 9:45 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on October 1, 2025, the Court adjourned the Show Cause Hearing, on Plaintiff's application, to October 10, 2025, at 9:45 a.m.;

WHEREAS, on October 9, 2025, the Court adjourned the Show Cause Hearing to October 17, 2025, at 9:45 a.m. due to Third Party Providers Shein, Alibaba.com, and AliExpress.com not

yet providing contact information for Defendants which would allow Plaintiff to effectuate service on those Defendants, or confirming compliance with the TRO;

WHEREAS, on October 16, 2025, the Court adjourned the Show Cause Hearing to October 31, 2025, at 10:45 a.m. to allow Plaintiff to effectuate service on all Defendants simultaneously, as Third Party Providers Alibaba.com and AliExpress.com had continued to fail to provide email addresses for those Defendants;

WHEREAS, on October 16, 2025, pursuant to the Court's October 16 Order, Plaintiff served copies of the Order on Alibaba.com and AliExpress.com by email to all known email addresses and provided the Court with proof of such service;

WHEREAS, on October 22, 2025, immediately upon receiving expedited discovery responses from Alibaba.com and AliExpress.com identifying the remaining Defendants' contact information, Plaintiff simultaneously served all Defendants with copies of the complaint, TRO, and other case initiating documents via email to all known email addresses, pursuant to the alternative methods of service authorized by the TRO;

WHEREAS, on October 30, 2025, the Court adjourned the Show Cause Hearing to October 31, 2025, at 9:00 a.m.;

WHEREAS, on October 30, 2025, pursuant to the Court's October 30 Order, Plaintiff served copies of the Order on all Defendants by email to all known email addresses and provided the Court with proof of such service;

WHEREAS, on October 31, 2025, at 9:00 a.m., Plaintiff appeared at the Show Cause Hearing, but no Defendants appeared;

IT IS HEREBY ORDERED that the restraints previously imposed by the TRO shall remain in place through the pendency of this litigation, and issuing this order is warranted under Federal Rule of Civil Procedure 65.

Accordingly, Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them who receive actual notice of this Order, are enjoined from:

    a.  Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring products that directly or indirectly infringe upon the DESK NEST trademark (the "DESK NEST Mark") or the copyrighted works covered by U.S. Copyright Registration No. VAu001561929 (the "DESK NEST Copyright");

    b.  Using the DESK NEST Mark in commerce, including in connection with the Marketplace Accounts;

    c.  Reproducing, adapting, or publicly displaying Plaintiff's copyrighted works, including the copyrighted works covered by the DESK NEST Copyright or unauthorized derivatives thereof;

    d.  Passing off, inducing, or enabling others to sell or pass off any product as a genuine DESK NEST product that is not, in fact, Plaintiff's DESK NEST Product and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the DESK NEST Mark;

    e.  Committing any other acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision

of Plaintiff, or are sponsored by, approved by, endorsed by, or otherwise connected with Plaintiff;

f.  Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory held by Defendants which bear the DESK NEST Mark or the DESK NEST Copyright;

g.  Operating and/or hosting websites and/or any other web presence or online storefront involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing DESK NEST Mark or the DESK NEST Copyright;

h.  Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, Marketplace Account, website, or other means for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

i.  Encouraging, facilitating, assisting, or inducing others to violate (a) – (h) herein.

IT IS FURTHER ORDERED that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including third-party financial institutions, payment processors, banks, escrow services, money transmitters, web hosts, registrars, or marketplace platforms that are providing services for any of the Defendants, including without limitation Alibaba.com, AliExpress.com, Amazon.com, eBay.com, Shein.com, Temu.com, TikTok.com, Walmart.com, Wayfair.com, Shopify, PayPal, GoDaddy, and their related companies and affiliates (together, the "Third Party Providers") are hereby restrained and enjoined from:

a. Transferring or disposing of any money or other assets residing with Defendants' Marketplace Accounts;

b. Allowing funds held by Defendants to be transferred or withdrawn to or from any Marketplace Account or financial account used in connection therewith;

c. Providing services to Defendants and Defendants' Marketplace Accounts;

d. Encouraging, facilitating, assisting, or inducing others to violate (a) – (c) herein.

IT IS FURTHER ORDERED that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, are to preserve and not secrete, conceal, destroy, sell off, transfer, or otherwise dispose of (i) evidence relating to the Marketplace Accounts; or (ii) evidence otherwise related to the allegations set forth in Plaintiff's Complaint in the matter herein.

IT IS FURTHER ORDERED that within fourteen (14) days of receipt of service of this Order, the Third Party Providers shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) not otherwise provided which relate to Defendants' Marketplace Accounts, including but not limited to documents and records relating to:

a. Identifying information and account numbers which Defendants have ever had and/or currently maintain with the Third Party Provider in connection with the Marketplace Accounts;

b. Any information comprising identities, location, and contact information for Defendants;

c. Any and all financial information tied to the Marketplace Accounts, including methods of payment and methods of accepting payment, financial accounts used in connection

with the Marketplace Accounts, account numbers and current account balances, and any other identifying information tied to such financial accounts; and

d.  A full accounting of Defendants' sales history and listing history.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Preliminary Injunction on Defendants via e-mail as ordered in the temporary restraining order, and such means shall be deemed as effective as to Defendants and Third Party Providers through the pendency of this action.

IT IS FURTHER ORDERED that this Order shall remain in effect during the pendency of this action, or until further order of the Court.

IT IS FURTHER ORDERED that this case is hereby UNSEALED.  By **November 5, 2025**, Plaintiff shall ensure that all documents submitted to the Court to date, as well as all Orders issued in this case, appear on the docket, either by filing the documents anew or by working with the Clerk's Office (through the ECF Help Desk).

SO ORDERED this __31st__ day of ___October___, 2025.

_____
Hon. Jennifer H. Rearden
United States District Judge

6