## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUANTUM MANGO, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>          Defendants. | Case No.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Quantum Mango, LLC ("Quantum Mango" or "Plaintiff"), for its Complaint against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to this Complaint (collectively, "Defendants"), allege on personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows:

## INTRODUCTION

1.      Plaintiff Quantum Mango is a product development company in the pet and home goods spaces. Its newest product, the Desk Nest® Cat Bed (the "DESK NEST Cat Bed"), is a first-ever cat bed designed to mount to desks to keep small pets nearby without interfering with their owners' workspaces:

1

 

2.      The DESK NEST Cat Bed—which was invented by Scott Salzman, the founder and President of Quantum Mango—is the result of more than a decade of product development, fueled by Salzman's own experience as an inventor, entrepreneur, and cat owner. He created the product to provide his own cats with a cozy resting place in his home office, frequently using his pets to test early prototypes of the design.

3.      The success of the DESK NEST Cat Bed is due in part to the design's unique combination of both function and style. It features a round bed frame that clamps securely to the edge of most tables and is fully adjustable, allowing the user to customize the height and angle to best fit their individual needs while supporting pets up to 25 pounds. The bed frame elevates pets above workspaces, creating a floating visual effect. Its woodgrain appearance and matte black hardware are visually distinct amongst pet beds, providing a sleek, modern design that blends in with most home office furniture.

4.      Unfortunately, others have unlawfully sought to capitalize on the viral success of the DESK NEST Cat Bed. Plaintiff brings this action against a group of brazen infringers who operate e-commerce businesses behind the anonymity of the internet. Through their numerous, fully interactive e-commerce storefronts, Defendants market and sell identical, cheaply-made knock-offs well below the market price for legitimate DESK NEST Cat Beds ("Infringing Products"), which infringe upon Plaintiff's registered design patent wholesale.

5.      Worse, to further mislead consumers and trade upon Plaintiff's reputation and goodwill, Defendants' storefronts advertise and promote the Infringing Products by making direct and explicit reference to Plaintiff's own copyrighted marketing content. Defendants deliberately appropriate such content and present it as their own to conflate their Infringing Products with genuine DESK NEST Cat Beds in the minds of consumers, by falsely representing that such content—*which was created to advertise Plaintiff's genuine product*—actually depicts Defendants' Infringing Products. In other words, Defendants purposefully designed their online storefronts to appear as if they are lawful sellers of genuine DESK NEST Cat Beds, when they are actually selling inferior imitations thereof. Defendants are engaging in such conduct without the authorization of, or compensation to, Plaintiff.

6.      Plaintiff brings this Complaint for damages and injunctive relief to bring an end to and seek redress for Defendants' infringement of Plaintiff's intellectual property rights and to protect unknowing consumers from purchasing Infringing Products.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over the design patent, trademark, and copyright claims pursuant to 15 U.S.C. § 1114, 15 U.S.C. § 1151, 17 U.S.C. § 101 *et seq.*, 35 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

8.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9.      This Court has personal jurisdiction pursuant to N.Y. C.P.L.R. § 302 over all Defendants because they transacted business and committed tortious acts within and directed to New York, and Plaintiff's claims arise from those activities. In particular, Defendants (a) transact

3

business within New York or contract to supply goods, including counterfeit goods, in New York, (b) have committed infringement within New York and in this District, and (c) have committed infringement outside New York, which has caused injury to Plaintiff within New York, and Defendants (i) expected or should reasonably have expected such acts to have consequences in New York, and (ii) derive substantial revenue from interstate or international commerce. In particular, Defendants are reaching out to do business with New York residents by operating one or more commercial, highly interactive online storefronts through which New York residents can purchase the Infringing Products. Defendants have targeted sales from New York residents by operating online stores that offer shipping to the United States, including New York.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 28 U.S.C. § 1400.

## PLAINTIFF AND ITS BUSINESS

11. Plaintiff is a limited liability company organized under the laws of Colorado.

12. Plaintiff is a product development company in the pet and home goods categories. It is the official source of the DESK NEST Cat Bed.

13. As early as 2006, Plaintiff began designing and developing a product to provide a comfortable resting place for small pets above their owners' workspaces. The product—which went through six major design iterations over the course of development—began being identified as "Desk Nest" as early as 2015. Work on the iteration of the product that would ultimately become known as the DESK NEST Cat Bed began in 2020. Plaintiff started promoting the DESK NEST Cat Bed through the Desk Nest social media accounts in late 2023, and at least one Instagram post depicting the product went viral in early 2024, before it was even available for purchase.

14. On April 9, 2024, Plaintiff launched a crowdfunding campaign for the DESK NEST

4

Cat Bed through the Kickstarter platform (the "Campaign"). The Campaign achieved its $10,000 initial fundraising goal in just six minutes and was quickly named a "Project We Love" by Kickstarter. By the end of the 30-day Campaign, over 3,600 backers from around the world pre-ordered a DESK NEST Cat Bed, pledging a total of $452,697 to Plaintiff's Campaign. Plaintiff then raised an additional $39,897 through the Indiegogo platform, bringing its crowdfunding total up to $508,525. During this time, Plaintiff also sold approximately $76,000 in Desk Nest-branded accessory products and extra beds to its crowdfunding backers. Notably, all of these sales occurred prior to launching the Desk Nest website at the domain desknest.com (the "Desk Nest Website").

15.    Plaintiff began manufacturing the first batch of DESK NEST Cat Beds in May 2024, which were shipped to customers starting in July 2024. In September 2024, it expanded to traditional e-commerce sales channels, selling the DESK NEST Cat Bed and new accessories like the wrap-around pillow directly to consumers via the Desk Nest Website and Plaintiff's listings on the Amazon and Etsy e-commerce platforms. By the end of its first year of sales, the DESK NEST Cat Bed had generated over $1 million in revenue, selling over 7,500 units via the Campaign, the Desk Nest Website, and Plaintiff's Amazon and Etsy listings.

16.    The DESK NEST Cat Bed became a viral hit amongst pet owners, with content on the Desk Nest social media accounts collectively generating nearly eighteen million views. The DESK NEST Cat Bed has also been featured in a variety of mainstream media publications who continue to promote the DESK NEST brand and associate it with Quantum Mango, including People Magazine, Buzzfeed, CNET, Country Living Magazine, Pet Life Radio.

17.    The DESK NEST Cat Bed continues to be promoted in social media posts from prominent cat-related content creators such as Floyd the Lion, Tabby and Tuxedo Cat, Floppy Cats, and Haus Panther, and have collectively been viewed tens of thousands of times. An example

of social media content depicting the DESK NEST Cat Bed in use is below:



18.     Plaintiff is the official source of the DESK NEST Cat Bed, and widely markets and promotes the DESK NEST Cat Bed in the industry and to consumers. Plaintiff's promotional efforts include—by way of example but not limitation—the Desk Nest Website, point of sale materials, online advertising campaigns on platforms such as Google and Meta, industry events such as CatCon, substantial marketing content posted to the Desk Nest social media accounts, and collaborations and brand deals with prominent cat-related blogs and social media accounts that showcase the DESK NEST Cat Bed.

19.     Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the DESK NEST Cat Bed in connection with the DESK NEST trademark ("DESK NEST Mark"). As a result, the DESK NEST Cat Bed, and the DESK NEST Mark, are widely recognized and exclusively associated by the consuming public as being products sourced from Plaintiff.

20.     Plaintiff is the owner, by assignment, of a federally registered design patent, No. D1,082,158 S (the "'158 Patent"), in connection with the "cat bed for desk," which was duly and

legally issued by the United States Patent and Trademark Office. A true and correct copy of the '158 Patent is attached hereto as **Exhibit A**. The '158 Patent covers the ornamental design of the DESK NEST Cat Bed. Plaintiff owns all rights, title, and interest in and to the '158 Patent.

21.     Plaintiff also owns all exclusive rights to the DESK NEST Mark, which is federally registered on the Principal Register of the United States Patent and Trademark Office and covered by Registration No. 7727969 (the "'969 Registration"), a true and correct copy of which is attached hereto as **Exhibit B**. This includes, without limitation, the rights to use in commerce the DESK NEST Mark, or any reproduction or colorable imitation thereof, in connection with the sale, offering for sale, distribution, or advertising of any goods or services, and the rights to grant licenses or authorization for same.

22.     Additionally, Plaintiff owns all exclusive rights in and to the copyrighted work covered by U.S. Copyright Registration No. VAu001561929, which Plaintiff uses in connection with the advertisement and promotion of the DESK NEST Cat Bed (hereinafter, the "DESK NEST Copyright"). Plaintiff has obtained a copyright registration, duly issued by the United States Copyright Office, covering the DESK NEST Copyright. A true and correct copy of the federal copyright registration certificate for the DESK NEST Copyright are attached hereto as **Exhibit C**.

## DEFENDANTS AND THEIR UNLAWFUL CONDUCT

23.     Defendants are business entities and individuals which appear to reside and operate mainly in China. Defendants conduct business throughout the United States, including within New York and this District, through their online seller accounts alleged below.

24.     Defendants are merchants operating storefronts on online marketplace platforms including AliExpress.com, Alibaba.com, Amazon.com, eBay.com, Shein.com, Temu.com, TikTok.com, Walmart.com, and Wayfair.com (collectively, the "E-Commerce Platforms"),

through which they import, advertise, offer to sell, sell, and distribute unauthorized, wholesale reproductions of the DESK NEST Cat Bed, utilizing Plaintiff's own marketing content depicting genuine DESK NEST Cat Beds to promote their Infringing Products. These Infringing Products are designed to be substantially identical, if not completely identical, to the design set forth in the '158 Patent, in order to deceive consumers into believing that Defendants' Infringing Products are the same as Plaintiff's genuine DESK NEST Cat Bed.

25.    Among the known storefronts and online marketplace accounts Defendants have established on the E-Commerce Platforms are those listed on Schedule A to the Complaint, which is attached hereto as **Exhibit D** (collectively, the "Online Storefronts"). Defendants may likely operate other Online Storefronts or seller accounts of which Plaintiff is not yet aware.

26.    Defendants facilitate sales of Infringing Products by designing their Online Storefronts to look to unknowing consumers to be an authorized online retailer, outlet store, or wholesaler selling genuine, authorized DESK NEST Cat Beds. To do so, Defendants falsely associate their Infringing Products with Quantum Mango and the Desk Nest Brand by using the federally registered DESK NEST Mark and Plaintiff's own marketing materials to mislead consumers into believing that the Infringing Products are the same as, or equivalent to, authentic DESK NEST Cat Beds. Defendants brazenly infringe the DESK NEST Copyright by reproducing and publicly displaying the content alongside sale listings for their Infringing Products.

27.    In other words, Defendants' Infringing Products are designed, and marketed, as if they are substantially identical, if not completely identical, to the design set forth in the '158 Patent, in order to deceive consumers into believing that Defendants' Infringing Products are the same as Plaintiff's genuine DESK NEST Cat Beds. Defendants are well aware of the likely confusion this

is causing in the marketplace, intentionally fueling this confusion by engaging the brazenly fraudulent advertising methods alleged above.

28.    Defendants' blatantly deceptive advertising, including by unlawfully appropriating key elements of the DESK NEST Mark and DESK NEST Copyright is deliberately intended to draw a false affiliation to or connection with Plaintiff. By way of example, none of the below advertisements, used to sell Infringing Products, were authorized by Plaintiff, despite prominently featuring Plaintiff's registered trademark and copyrighted marketing content. Plaintiff's own content is presented side-by-side with excerpts from Defendants' product listing pages below:

| Plaintiff's Own Content | Content Contained in Defendants' Product Listings |
|---|---|
|  | |





## About this item

- [Keep Your Workspace Clean & Organized] – The Cat Desk Bed provides a cozy, elevated space for your cat right next to you, ensuring they stay close but off your desk. Whether you're working, gaming, or studying, this cat bed for desk allows you to focus without furry distractions. Perfect for remote workers, gamers, and pet lovers who want their cats nearby without workspace interference.
- [Fully Adjustable for the Perfect Fit] Designed with a 360° rotating base and vertical height adjustment, the cat desk nest allows you to customize the perfect setup for your workspace. Whether placed beside a laptop or near a monitor, this desk cat perch adapts seamlessly. Requires only 4.5" (11.4 cm) of desk space, making it ideal for small and large desks alike.
- [Durable & Secure – Supports Large Cats Up to 25 lbs] Built with sturdy metal components and premium wood, this cat desk nest safely supports up to 25 lbs (11.3 kg), ensuring stability even for larger cats. Unlike flimsy alternatives, this desk cat perch provides a secure, wobble-free resting spot your cat will love.
- [Purr-fect High Perch for Comfort & Security] Featuring high, protective walls, this cat bed for desk creates a cozy, enclosed space where your cat can feel safe, comfortable, and relaxed while enjoying a great view from their elevated nest.
- [Refined White Oak Finish for a Stylish Touch] With a rich White Oak Finish and sleek matte black metal post, this desk cat perch blends seamlessly into any modern home or office decor. Designed for both function and aesthetics, this cat desk bed ensures your workspace remains clutter-free and stylish.
- ⚠ Important Safety Notice:
- Do NOT install on glass desks – The product is heavy and may cause breakage.
- Ensure your desk is sturdy and properly secured before mounting.
- Not recommended for very small desks or those with thin, fragile edges.
- Always check for stability after installation before allowing your cat to use it.

˅ Show less
› See more product details

## Description  —

FUCHENGJS
[Keep Your Workspace Clean & Organized] – Desk Bed provides a cozy, elevated space your right next to you, ensuring they stay close but off your desk. Whether you're working, gaming, or studying, this bed desk allows you to without furry distractions. remote workers, gamers, and pet lovers who want their cats nearby without workspace interference.
[Fully Adjustable Fit] Designed with a 360 ° rotating base and vertical height adjustment, desk nest allows you to customize setup your workspace. Whether placed beside a laptop or near a monitor, this desk perch adapts seamlessly. Requires only 4.5 (11.4) of desk space, making it small and large desks alike.
[Durable & Secure – Supports Large Cats Up to 25 lbs] Built with sturdy metal components and premium wood, this desk nest safely supports up to 25 lbs (11.3 kg), ensuring stability even for larger cats. Unlike flimsy alternatives, this desk perch provides a secure, wobble-resting spot your will love.
[Purr-fect High Perch Comfort & Security] Featuring high, protective walls, this bed desk creates a cozy, enclosed space where your can feel safe, comfortable, and relaxed while enjoying a great view from their elevated nest.
[Refined White Oak a Stylish] With a rich White Oak and sleek matte black metal post, this desk perch blends seamlessly into any modern home or office decor. Designed both function and aesthetics, this desk bed ensures your workspace remains clutter-free and stylish.
⚠ Important Safety Notice:
Do NOT install on glass desks – product is heavy and may cause breakage. Ensure your desk is sturdy and properly secured before mounting. Not recommended for very small desks or those with thin, fragile edges. check stability after installation before allowing your to use it.
FUCHENGJS

29.   Despite the numerous ways in which Defendants imply a connection to Plaintiff, Defendants are not (and have never been) authorized retailers of genuine DESK NEST Cat Beds, and are not authorized to use Plaintiff's intellectual property.

30.   Based on a review of Defendants' Online Storefronts, Defendants sell at generally deeply discounted prices often associated with cheaply made knock-offs. Plaintiff has made test purchases from numerous of the Defendants' Online Storefronts, and have confirmed that

Defendants are distributing illegitimate copies of the DESK NEST Cat Bed, which are of a markedly inferior quality, thereby weakening, blurring, and tarnishing the DESK NEST Mark. Plaintiff's business reputation is further injured by having its brand, and the goodwill it has accrued, associated with lesser quality knock-offs, as alleged above. Indeed, customers of legitimate DESK NEST Cat Beds have reached out to Plaintiff to inquire as to whether these Online Storefronts are affiliated with Plaintiff, given the identical nature of the Infringing Products, as well as Defendants' deceptive use of Plaintiff's own advertising. Some social media posts promoting the Infringing Products even tag the Desk Nest social media accounts, as if the Infringing Products are genuine, authentic DESK NEST Cat Beds.

31.    Defendants go to great lengths to conceal their identities and locations, hiding them behind the anonymity of the internet and using multiple fictitious names and addresses. Because the E-Commerce Platforms process the payments for the Infringing Products, collecting the money and paying Defendants, Plaintiff receives no information regarding the true identity of the sellers behind the Online Storefronts. However, the Defendants are, on information and belief, connected through the same transactions or occurrences or series of transactions or occurrences, including through shared ownership and operation of the Online Storefronts, shared suppliers, shared use of the same product images and infringing marketing content, and similar, if not practically identical store layouts and product descriptions.

32.    E-Commerce Platforms such as Amazon.com, TikTok.com, and Shein.com are estimated to receive tens of millions of visits per year and to generate over well over one hundred billion dollars in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price (MSRP) of illegal goods seized by the U.S. government in fiscal year 2024 was over

$5.4 billion, representing a 415% increase in the MSRP of goods seized for IPR violations since 2020.[1] Defendants' Online Storefronts and others which sell infringing products are extremely harmful to legitimate businesses and the economy. Illegal retailers like the Defendants are estimated to contribute to tens of thousands of lost jobs belonging to legitimate businesses and broader economic damages such as lost tax revenue every year.

33.    While Plaintiff has identified some of the Infringing Products that Defendants have imported and/or distributed, Plaintiff has not identified all of them. Indeed, Defendants' infringing activities are rampant, and have already caused Plaintiff to suffer substantial damages, including, but not limited to, loss of sales and dilution of Plaintiff's brand.

34.    Moreover, the manner in which Defendants conduct their businesses has caused, and will continue to cause, irreparable damage to Plaintiff if they do not cease their infringing conduct, which has, and is, causing confusion, mistake, and deception by and among consumers.

## FIRST CAUSE OF ACTION
## DESIGN PATENT INFRINGEMENT
## (35 U.S.C. § 271)

35.    Plaintiff re-alleges and incorporate herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

36.    Plaintiff Quantum Mango, by assignment, owns all right, title, and interest to the '158 Patent, which covers the ornamental design of the DESK NEST Cat Bed. *See* Exhibit A.

37.    Nonetheless, Defendants have, without authorization, knowingly and willfully infringed, and continue to infringe, the '158 Patent by manufacturing, importing, selling, and/or offering for sale the Infringing Products, which embody the design covered by the '158 Patent,

---

[1] U.S. Customs and Border Protection, 3964-0125, *Intellectual Property Rights Seizure Statistics: Fiscal Year 2024*, at 2 (2025), *available at* https://www.cbp.gov/sites/default/files/2025-01/IntellectualPropertyRightsSeizureStatisticsFiscalYear2024%20FINAL.pdf.

thereby violating 35 U.S.C. § 271.

38.    On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge that such imitation of the DESK NEST Cat Bed would be an infringement of Plaintiff's intellectual property rights. Defendants willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff, made and distributed, caused to be made and distributed, and/or aided, abetted, and knowingly contributed to and participated in the making and distribution of the Infringing Products in the United States, including in this District.

39.    Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless this Court restrains Defendants from continuing their infringement of the '158 Patent, these injuries will continue to occur in the future. Plaintiff is accordingly entitled to injunctive relief restraining Defendants from further infringement.

<u>SECOND CAUSE OF ACTION</u>
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114, et seq.)**

40.    Plaintiff re-alleges and incorporate herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

41.    Plaintiff Quantum Mango owns valid and legally protectable rights in the DESK NEST Mark in the fields of furniture, cat beds, and pet furniture, based on both common law rights gained through continuous use in United States commerce since at least December 2023 and federal registration of the DESK NEST Mark as set forth in the '969 Registration. *See* Exhibit B.

42.    As previously alleged, Plaintiff has invested substantial time, effort, and financial resources promoting the DESK NEST Mark in connection with the marketing and sale of Plaintiff's goods and services in interstate commerce, such that the consuming public recognizes

the DESK NEST Mark and associates it with Plaintiff.

43.    Accordingly, the DESK NEST Mark is distinctive as applied to Plaintiff's goods and services bearing the mark.

44.    Plaintiff's use of the DESK NEST Mark, including as set forth in the '969 Registration, preceded Defendants' first uses of the DESK NEST Mark, and thus has priority of use. Nonetheless, Defendants have, by the above-alleged acts, willfully and knowingly used, and continue to use, without authorization, the DESK NEST Mark in commerce in connection with the manufacturing, importing, offering, selling, and marketing of Infringing Products, which are practically identical in appearance to the authentic DESK NEST Cat Beds. Such conduct is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, sponsorship, connection, or association with Plaintiff that is false and misleading. Indeed, numerous consumers have already reached out to inquire as to whether these Infringing Products are associated with Plaintiff. As just one example, Defendants cause confusion and deceive unknowing consumers by using the DESK NEST Mark without authorization to advertise the sale of Infringing Products to customers as follows:

*Defendants' Advertisements of Infringing Products:*



FUCHENGJS Desk Nest ® Bed – Space-Saving, Elevated Bed Cats – Keeps Desks, 360 ° Adjustable, Supports 25 Lbs – Secure, Stylish And Durable – Home Office – Walnut Wood

SKU: sp25062084186618484

**$368**.26



Cat Desk Bed – Cat Bed for Indoor Cats with Adjustable Height&360° Rotation, Elevated Desk Nest Cats Beds for Table, Desktop Cat's Hammock for Small Space, Wooden Cat's Bed Desktop Kitten Furniture

Click to see full view

Visit the Spacocld Store



Cat Desk Bed for Indoor, Adjustable Metal 360 Rotating Elevated Desk Nest Cat Hammock Desktop Kitten Furniture for Home Office

Brand: MeowWoof

2.8 ★★★☆☆ (1)

-14% $62⁹⁹

15

*Plaintiff's Advertisements of Authentic DESK NEST Cat Beds:*



45.     Defendants' continued and knowing use of the DESK NEST Mark in connection with the Infringing Products, without Plaintiff's authorization or consent, constitutes intentional infringement of Plaintiff's federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

46.     On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge that such imitation of the DESK NEST Mark would be likely to cause confusion, mistake, or deception amongst consumers. Defendants willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff, made and distributed, caused to be made and distributed, and/or aided, abetted, and knowingly contributed to and participated in the making and distribution of the Infringing Products in the United States, including in this District.

47.     Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless this Court restrains Defendants from continuing their infringement of the DESK NEST Mark, these injuries will continue to occur in the future. Plaintiff is accordingly entitled to injunctive relief restraining

Defendants from further infringement.

48.    Defendants' intentional, deliberate, and willful use of the DESK NEST Mark without authorization renders this case exceptional, entitling Plaintiff to an award of reasonable attorney's fees under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN & PASSING OFF
### (15 U.S.C. § 1125(a))

49.    Plaintiff re-alleges and incorporate herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

50.    Defendants' promotion, marketing, offering for sale, and sale of the Infringing Products, which utilize the DESK NEST Mark wholesale in advertising, has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, endorsement, or approval of Defendants' Infringing Products by Plaintiff. Indeed, numerous consumers have already reached out to inquire as to whether these Infringing Products are associated with Plaintiff.

51.    Such conduct in connection with the sale of Defendants' Infringing Products has created a false designation of origin and a misleading representation of fact as to the origin, sponsorship, endorsement, affiliation, or approval of the Infringing Products.

52.    Defendants' use of the DESK NEST Mark in connection with the Infringing Products without Plaintiff's consent constitutes a false designation of origin, a false or misleading description or representation of goods, and a false endorsement by Plaintiff, tending wrongfully and falsely to describe or represent a connection between Plaintiff's and Defendants' products.

53.    Defendants' conduct constitutes misrepresentation of fact as to the origin, endorsement and/or sponsorship of the Infringing Products to the general public under 15 U.S.C. §1125.

54.     Defendants carried out the aforementioned infringing acts knowingly and willfully, with intent to trade upon Plaintiff's reputation and goodwill, to Plaintiff's detriment.

55.     As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiff has been and will continue to be damaged.

56.     Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless this Court restrains Defendants from continuing their infringement of the DESK NEST Mark, these injuries will continue to occur in the future. Plaintiff is accordingly entitled to injunctive relief restraining Defendants from further infringement.

### FOURTH CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101, et seq.)

57.     Plaintiff re-alleges and incorporate herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

58.     The DESK NEST Copyright constitutes an original work and protectable subject matter pursuant to the Copyright Act, and it is protected by registrations duly issued to Plaintiff by the United States Copyright Office. *See* Exhibit C.

59.     At all relevant times, Plaintiff has been and still is the owner of all rights, title, and interest in and to the DESK NEST Copyright, which has never been assigned, licensed, or otherwise transferred to Defendants.

60.     Beginning on an unknown date but at least since mid-2024 and continuing to the present, Defendants, with knowledge of the DESK NEST Copyright, infringed Plaintiff's copyright, including *inter alia* its exclusive rights to reproduce, distribute, publicly display, and prepare derivative works thereof. They did so by utilizing the DESK NEST Copyright, or substantially similar variations upon the DESK NEST Copyright, on their Online Storefronts and

adapting them to be used as marketing content to promote their Infringing Products.

61.    Defendants' unlawful conduct as alleged above was deliberate, intentional, knowing, malicious, and willful.

62.    As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiff has been and will continue to be damaged.

63.    Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless this Court restrains Defendants from continuing their infringement of the DESK NEST Copyright, these injuries will continue to occur in the future. Plaintiff is accordingly entitled to injunctive relief restraining Defendants from further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1.    A declaration that Defendants have willfully infringed Plaintiff's rights under the Lanham Act, the Patent Act, and the Copyright Act.

2.    Damages and/or restitution according to proof, including treble damages, punitive damages, and/or statutory damages where authorized by statute;

3.    An accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the Infringing Products with documents relating to all such purchases and sales;

4.    An order enjoining and restraining Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, including any online marketplace account provider serving them, from further infringing upon Plaintiff's intellectual property rights and right of publicity pursuant to 15 U.S.C.

§ 1116, 17 U.S.C. § 502, and 35 U.S.C. § 283.

     5.    An order requiring Defendants to deliver up for destruction all products, packaging, labels, advertising, or any other material bearing imitations, including confusingly similar variations, of Plaintiff's respective trademarks, patents, and copyrights pursuant to 15 U.S.C. § 1118, 17 U.S.C. § 503, and 35 U.S.C. § 283;

     6.    Prejudgment and post-judgment interest at the applicable rate;

     7.    Plaintiff's attorney's fees, expenses, and costs of suit; and

     8.    Such other and further relief that this Court deems just and proper.

Dated:     September 12, 2025        Respectfully submitted,

Leo M. Lichtman
ESCA Legal LLC
1117 Sixth Avenue, Fifth Floor
New York, NY 10036
Tel.: (347) 745-2535
leo@esca.legal

*Attorney for Plaintiff Quantum Mango, LLC*