UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUANTUM MANGO, LLC,

              Plaintiff,

-v.-

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

              Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/2025

25 Civ. 7732 (JHR)

JENNIFER H. REARDEN, District Judge:

## ORDER TO SHOW CAUSE

Plaintiff Quantum Mango, LLC ("Quantum Mango" or "Plaintiff") has moved *ex parte* against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on Schedule A to the Complaint (collectively, "Defendants") for a temporary restraining order preventing asset transfer, expedited discovery order, and order to show cause for preliminary injunction pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act, 17 U.S.C. § 502, the Lanham Act, 15 U.S.C. § 1117, the Patent Act, 35 U.S.C. § 283, and N.Y. C.P.L.R. § 6212. The Court, having reviewed the Complaint, memorandum of Law, supporting Declarations and exhibits submitted herewith, makes the following findings of fact based on the proffered evidence and the following conclusions of law:

1. Plaintiff Quantum Mango owns exclusive trademark rights in the DESK NEST trademark (Registration No. 7727969) (the "DESK NEST Mark"), the registered design patent (No. D1,082,158 S) covering the ornamental design for a "cat bed for desk" (the "'158 Patent"), and the copyrighted work covered by U.S. Copyright Registration No. VAu001561929 (the

1

"DESK NEST Copyright"). The DESK NEST Mark, '158 Patent, and DESK NEST Copyright are valid, and in full force and effect.

2. Based on the evidence in the record, Plaintiff is likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiff's exclusive rights in the DESK NEST Mark and the DESK NEST Copyright.[1] Defendants' unlawful conduct has taken place in connection with Defendants' importation, distribution, promotion, offering for sale and/or sale of products that infringe upon Plaintiff's intellectual property rights (the "Infringing Products"), including via the online storefronts on AliExpress.com, Alibaba.com, Amazon.com, eBay.com, Shein.com, Temu.com, TikTok.com, Walmart.com, and Wayfair.com (collectively, the "Online Storefronts"). Specifically, Plaintiff proffers evidence that Defendants operate the Online Storefronts, through which they import, advertise, offer to sell, sell, and distribute unauthorized, wholesale reproductions of the DESK NEST Cat Beds, which are "practically identical," Salzman Decl. ¶ 22,[2] to Plaintiff's DESK NET Cat Bed. Compl. ¶ 4. Defendants facilitate sales by designing their Online Storefronts to appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine DESK NET Cat Beds. Compl. ¶ 26; Salzman Decl. ¶ 23. Defendants do so by utilizing the DESK NET Mark and Plaintiff's own copyrighted marketing materials, without Plaintiff's authorization. Compl. ¶¶ 25-27; Salzman Decl. ¶¶ 22-24 and Ex. A.

---

[1] In light of Plaintiff's likelihood of success on the merits of their copyright and trademark claims, it is not necessary for the Court to address their patent infringement claim at this juncture. The Court notes, however, that "accused infringers may not be joined in one action as defendants . . . or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." *Williamson v. Verizon Commc'ns Inc.*, No. 11 Civ. 4948 (LTS)(HBP), 2013 WL 323992, at *1 n.1 (S.D.N.Y. Jan. 18, 2013) (quoting 35 U.S.C. § 299(b)).

[2] This Order refers to specific documents within Docket Entry No. 2 by document title.

3. The continued importation, distribution, promotion, offering for sale, and/or sale of the Infringing Products will result in immediate and irreparable injury to Plaintiff if the requested relief is not granted because circumstances "where damages are difficult to establish and measure[,]" such as "loss of reputation, good will, and business opportunities[,]" constitute irreparable harm. *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2004). Plaintiff has proffered evidence that it has received messages from customers who have inquired whether Online Storefronts selling Infringing Products are affiliated with Plaintiff, given the identical nature of the Infringing Products, as well as Defendants' use of Plaintiff's own advertising. Compl. ¶ 30. This evidence is indicative of potential loss of reputation, good will, and business opportunities. Compl. ¶ 28; Salzman Decl. ¶ 23. Likewise, Plaintiff has pointed to evidence indicating that it is challenging to quantify the extent of infringing sales and number of consumers affected because Defendants set up multiple versions of storefronts and/or online identities. Compl. ¶ 31; Salzman Decl. ¶¶ 26-27.; Boychuk Decl. ¶¶ 6-7;

4. The harm to Plaintiff from denial of the requested *ex parte* order far outweighs the harm to Defendants' legitimate interests against granting such order. "The balance of hardships . . . clearly tips in Plaintiff's favor" because "it is axiomatic that an infringer of copyright cannot complain about the loss of ability to offer its infringing products." *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (citation omitted);

5. The public interest favors issuance of the temporary restraining order to protect Plaintiff's legitimate intellectual property interests and to protect the public from being defrauded by the palming off of infringing goods as Plaintiff's genuine goods. *See WPIX*, 691 F.3d at 287; *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11 Civ. 5980 (RA) (JLC), 2013 WL 5977440, at *12 (S.D.N.Y. Nov. 12, 2013), *report and recommendation adopted*, No. 11 Civ. 5980 (RA) (JLC), 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014);

6. Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' importation, distribution, promotion, offering for sale, and/or sale of the Infringing Products. *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 132 (2d Cir. 2014);

7. Requesting equitable relief invokes the district court's inherent equitable powers to order preliminary relief, in order to assure the availability of permanent relief. *Id.*;

8. Based on evidence of record, one or more Defendants appear to be located in China. *See* Boychuk Decl. ¶¶ 6, 8. China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention");

9. The Hague Convention does not apply to service of process "where the address of the person to be served with the document is not known." *See* Hague Convention, Art. I. An address is "'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22 Civ. 558 (PAE), 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (citation omitted) (collecting cases);

10. Applying this standard, Plaintiff has shown that addresses are not known for the Defendants. *See* Lichtman Decl. ¶ 7; Boychuk Decl. ¶ 17;

11. Even where the Hague Convention applies, Article 15 of the Hague Convention provides that, notwithstanding the other provisions, "the judge may order, in cases of urgency, any provisional or protective measures," which courts in this District and elsewhere have construed to permit service of process by email. *See Order, Spin Master Ltd. et al. v. Aganv et al.*, No. 24 Civ. 4007 (S.D.N.Y. Sept. 13, 2024) (ECF No. 20) (Woods, J.) ("The Court recognizes that China has objected to email service under Articles 8-10 of the Hague Convention. But because the exception empowers the Court to order provisional relief '[n]otwithstanding the provisions of the

4

preceding paragraphs,' which include Articles 8-10, it allows email service on Defendants regardless.");

12. "Article 15 applies when, as here, 'service through China's central authority would take many months' and Plaintiff alleges it would 'face[ ] irreparable threats to its brand, business interests, and reputation without immediate court intervention.'" *King Spider LLC v. 884886 CH Store*, No. 23 Civ. 3472 (JMF), 2024 WL 5145837, at *1 (S.D.N.Y. Dec. 17, 2024) (quoting *Footprint Int'l, LLC v. Footprint Asia Ltd.*, No. 24 Civ. 93 (DGC), 2024 WL 1556347, at *3 (D. Ariz. Apr. 9, 2024)). Plaintiff has demonstrated that this is a case of urgency due to the irreparable harm it will face from Defendants' ongoing infringing activities in the time it would take to serve them under the Hague Convention; and

13. Plaintiff has further demonstrated that service via email on Defendants' email addresses is reasonably calculated to apprise Defendants with actual notice of this lawsuit to the extent that email service has the greatest likelihood of reaching e-commerce merchants such as Defendants, who are particularly adept at hiding their identities and locations and operate almost exclusively online. *See* Lichtman Decl. ¶ 11; Boychuk Decl. ¶ 17.

THEREFORE, IT IS HEREBY ORDERED that Defendants shall appear on the 3rd day of October, 2025 at 9:45 a.m. show cause why an Order, pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act, 17 U.S.C. § 502, the Lanham Act, 15 U.S.C. § 1117, and N.Y. C.P.L.R. § 6212, and the Court's equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiff a preliminary injunction enjoining Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, in a manner substantially similar to the relief provided in the Temporary Restraining Order below. The hearing will be conducted by telephone. Counsel should join the conference by dialing 646-453-4442 and entering Conference ID: 966 235 092#.

Members of the public may call the same number but are to keep their phones muted during the proceeding.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiff's counsel, by email to litigation@esca.legal, by the 1st day of October, 2025, and Plaintiff's reply papers, if any, shall be filed and served on Defendants by the 2nd day of October, 2025.

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED, in accordance with Rules 64 and 65 of the Federal Rules of Civil Procedure, the Copyright Act, 17 U.S.C. § 502, the Lanham Act, 15 U.S.C. § 1117, N.Y. C.P.L.R. § 6212, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, are enjoined from:

   a. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, transferring products that directly or indirectly infringe upon the DESK NEST Mark or the DESK NEST Copyright;

   b. Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to manufacture, import, advertise, promote, offer to sell, sell, distribute, or transfer products which directly or indirectly infringe upon the DESK NEST Mark or the DESK NEST Copyright;

   c. Passing off, inducing, or enabling others to sell or pass off any product as a genuine DESK NEST product that is not, in fact, Plaintiff's DESK NEST Product and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the DESK NEST Mark;

    d. Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, endorsed by, or otherwise connected with Plaintiff; and

    e. Operating and/or hosting websites and/or any other web presence or online storefront registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing the DESK NEST Mark or the DESK NEST Copyright.

2. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, shall immediately discontinue the use of the DESK NEST Mark or the DESK NEST Copyright, including on the Online Storefronts.

3. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, as well as any third-party financial institutions, payment processors, banks, escrow services, money transmitters, web hosts, registrars, or marketplace platforms that are providing services for any of the Defendants, including but not limited to Amazon.com, Walmart.com, Alibaba.com, AliExpress.com, TikTok.com, Temu.com, Shein.com, eBay.com, Wayfair.com, Shopify, PayPal, Stripe, Klarna, Apple Pay, Venmo, Google Pay, Google Sites, and their related companies and affiliates (together, the "Third Party Providers"), shall, upon receiving actual notice of this Temporary Restraining Order, immediately locate all accounts connected to any of Defendants' Online Storefronts ("Defendants' Accounts") and immediately cease transferring or disposing of any money or other assets residing in Defendants' Accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from Defendants'

Account pending further order of this Court. This includes but is not limited to: (a) any and all of Defendants' Accounts with Alibaba.com, AliExpress.com, Amazon.com, eBay.com, Shein.com, Temu.com, TikTok.com, Walmart.com, or Wayfair.com; and (b) any financial institution accounts linked to Defendants' Accounts or that otherwise have received payments for purchases from Defendants' Online Storefronts.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further date as set by the Court.

IT IS FURTHER ORDERED that Plaintiff shall post security in the amount of $5,000 by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that, upon two (2) business days' written notice to the Court and Plaintiff's counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

IT IS FURTHER ORDERED that, after Plaintiff's counsel has received confirmation regarding the funds restrained as directed herein and expedited discovery from same as described below, Plaintiff shall serve copies of this Order, the Complaint, and Plaintiff's *ex parte* application (together with all supporting declarations and other documents) on Defendants via the corresponding email addresses and/or online contact form or other means of electronic contact associated with their Online Storefronts, or by providing a copy of this Order by e-mail to the Third Party Provider hosting the Online Marketplace. Plaintiff shall promptly file proof of such service.

IT IS FURTHER ORDERED that restrained third parties and/or third parties from whom Plaintiff seeks expedited discovery as set forth in the Expedited Discovery Order shall not provide Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, with notice of this *Ex Parte* Order until Plaintiff has notified such third

parties that Defendants have been served with the *Ex Parte* Order. Within two days of serving Defendants with the *Ex Parte* Order, Plaintiff shall notify third parties with whom it has provided notice of this *Ex Parte* Order and/or sought Expedited Discovery hereunder that service upon Defendants has been effected.

## EXPEDITED DISCOVERY ORDER

IT IS HEREBY ORDERED that Plaintiff's motion for leave to take expedited discovery prior to a Rule 26(f) conference is GRANTED. Within five (5) days of receipt of service of this Order, the Third-Party Providers shall provide the following information (to the extent such information is in the Third-Party Providers' possession, custody, or control):

(i) The identity and location of the Defendants, including all known aliases, associated email addresses, and other contact information;

(ii) Any user accounts and/or online marketplace websites affiliated with Defendants that have not been identified in the Complaint;

(iii) The total funds restrained and all financial institution accounts and credit cards linked to Defendants' Accounts, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors, merchant account providers, credit card associations (e.g. MasterCard, VISA, American Express, Discover), or other financial institutions; and

(iv) Information concerning sales of any Infringing Products sold through Defendants' Online Storefronts.

## ORDER AUTHORIZING ALTERNATIVE SERVICE

IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff shall serve process on Defendants by serving a copy of the Complaint and summons via email on Defendants' email addresses. The combination of providing notice via e-mail, along with any notice that Defendants

receive from Third Party Providers notifying them of this action, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

SO ORDERED this 26th day September, 2025 at 7:45 p.m.

*Jennifer H. Rearden*
Jennifer H. Rearden
United States District Judge